Cook, X,
delivered the opinion of the Court.
To the rule of this Court, requiring the Circuit Court of St. Louis county to show cause why a mandamus should not he awarded, directing that Court to carry into effect a certain judgment said to have been rendered in said Court, in favor of said Holmes and Elliott, against Carr & Co., said Circuit Court returned a transcript of a proceeding, purporting to be a judgment entered by the Clerk of said Court, on the eleventh day of March, 1819, upon the confession of the defendants, made personally before him; and the question to be decided here is, whether that proceeding has the force and effect of a judgment ? In the argument, several positions were assumed and relied on in support of the rule, all of which seem to resolve themselves into the following proposition: does the proceeding had before the Clerk possess so much of the essential properties of a judgment, as to warrant the issuing an execution thereon ? A judgment is the conclusion of law, judicially pronounced on facts legally ascertained. This proceeding seems not to combine those several requisites of a legal judgment, for although facts may legally be ascertained by the confession of the party against whom the law is to operate, and the judgment in this case is sufficiently formal, yet it wants the most efficient and operative qualities of a judgment, judicial sanction; for it purports upon its face not to have been pronounced by judicial authority. It is also contended that although this proceeding does not possess all the essential qualities of a judgment, it affords such legal evidence of the facts upon which the law may operate, that a judgment may legally and regularly be rendered upon it, and that this Court may in the legal exercise of their superintending infiuence over the Circuit Court, direct such judgment so tó be entered up. This, however, is a proper subject for the exercise of original jurisdiction, and is therefore a matter over which this Court has no control, until the Circuit Court shall have adjudicated upon it. Before we dismiss this subject, we consider it necessary to take some notice of the statute under which this proceeding seems to have taken place. The provision is, that “the Clerks of the several Courts of Record shall have power and authority to sign all judgments confessed by any defendant, in his proper person, before them.” It coujd neither have been the intention of the Legislature to vest the Clerk with judiciary power, nor- to adopt a provision, reasonably explicit and comprehensible in its terms, which should be wholly nugatory-and inoperative; a just construction of statutes require that some effect should be given to each provision therein, if practicable. A statute should never be rendered useless by construction, if effect can reasonably be given to it; and we see no difficulty in giving effect to the provision under consideration. We are of opinion that it is-competent for the Clerk to take the cognovit actionem, upon which the Court may proceed to *42 pronounce the conclusion of law, by entering up judgment at the term next succeeding the confession before the Clerk, and if this should be omitted, it is our opinion that the Court may, at a subsequent term, cause judgment to be entered up, as of the term next succeeding such confession, if the defendant, after having had due notice of such intended proceeding, show no sufficient cause why it should not be so done. But until the cognovit or confession be ripened into a complete judgment, an execution issuing thereon might well be quashed.
The rule must be discharged.